THE CHICAGO, IOWA & KANSAS RAILROAD COMPANY v. WILLIAM S. TOWNSDIN.

1. CONDEMNATION PROCEEDING — *Offer to Confess Judgment—Refusal—Costs.* After a land-owner appeals from the award of commissioners appointed to condemn real estate for the right-of-way of a railroad company, the proceeding in the district court becomes a civil action, and the railroad company may offer, under the provisions of § 528 of the civil code, to confess judgment for a part of the amount claimed, and if the land-owner refuses to accept such confession of judgment in full of his demands, and upon the trial does not recover more than was so offered, he must pay all the costs of the railroad company incurred after the offer.

2. JUDGMENT, *Two Offers to Confess—Refusal—Costs.* Where an offer is made in court to confess judgment, under the provisions of § 528 of the civil code, and subsequently a larger offer is made by the defendant, yet, if the first offer is not withdrawn and the plaintiff does not recover more than was first offered, he must pay all the costs of the defendant incurred after such offer.

*Error from Cloud District Court.*

THE CHICAGO, IOWA & KANSAS RAILROAD COMPANY instituted condemnation proceedings for a right-of-way over *William S. Townsdin's* premises. The commissioners assessed his damages at $149.75. He appealed to the district court.

The jury assessed his damages at $194.90, and judgment was entered thereon, with the costs. The railroad company contends that Townsdin should be taxed with the costs, under § 528 of the civil code. That section reads:

"After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action; whereupon, if the plaintiff, being present, refuse to accept such confession of judgment in full of his demands against the defendant in the action, or, having had such notice that the offer would be made, of its amount, and of the time of making it, as the court shall deem reasonable, fail to attend and on the trial do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer. The offer shall not be deemed to be an admission of the cause of action, or the amount to which the plaintiff is entitled, nor be given in evidence upon the trial."

The case came on for trial at the April term of the court for 1885. After the impaneling of the jury, but before any witnesses had been sworn, or any evidence offered, the railroad company offered in open court to confess judgment for $206.25, with accrued costs, which offer was in writing and filed with the clerk, and (omitting title) was in words and figures as follows: "Now comes the above-named appellee and offers in writing to allow judgment to be taken against it for $206.25, with accrued costs.—F. W. STURGES, Attorney for Appellee." This was indorsed by the clerk as filed June 11, 1885. The offer was refused, and the cause proceeded to trial and resulted in a verdict for the plaintiff in the sum of $327. This verdict was set aside with the consent of Townsdin, and a new trial granted. The case came on for trial on August 18, 1885, but before any witnesses had been sworn, or any evidence offered, the railroad company made a second offer in open court to confess judgment for the sum of $300 and accrued costs, and which offer was also in writing and filed with the clerk, as in the first instance. Townsdin refused this offer, and the trial by the jury resulted in a verdict for the plaintiff of $292.67½. This verdict was set aside, and a new trial granted. The case was for the third time called for trial

on March 1, 1886, by a jury, and resulted in a verdict for the plaintiff of $456.19.    This time the railroad company objected to the verdict, and filed a motion for a new trial, which was overruled, and judgment entered upon the verdict.    Upon this judgment, error proceedings were prosecuted in this court, which resulted in a reversal of such judgment. (*C. I. & K. Rld. Co. v. Townsdin,* 38 Kas. 78.)    The case came on for trial for the fourth time on March 6, 1888, by a jury, and resulted in a verdict for Townsdin of $194.90; and this time the railroad company filed a motion for a new trial, which was overruled by the court, and judgment was rendered on the verdict in favor of Townsdin for "the sum of $194.90 as and for his damages, and that the award be so corrected; and further, that Townsdin have and recover of and from the railroad company his costs herein expended, taxed at $220.75." The railroad company excepted, and filed its motion to retax the costs, which, as amended, reads: "Now comes the above-named appellee and moves the court to retax the costs herein, by taxing to appellant all costs incurred after the offer to confess judgment for $206.25, made June 11, 1885; or, if this be refused, then all costs after the offer to confess judgment for $300, made August 18, 1885." This motion was overruled. The *Railroad Company* excepted, and brings the case here.

*W. W. & W. F. Guthrie,* and *Kennett & Peck,* for plaintiff in error.

*L. J. Crans,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The Chicago, Iowa & Kansas Railroad Company commenced proceedings for the condemnation of a certain strip of land owned by William S. Townsdin, for railroad purposes.    Townsdin was dissatisfied with the award of the commissioners, and appealed to the district court. Upon the final trial he recovered the sum of $194.90.    Subsequently, the trial court ordered the assessment of the commissioners to be corrected in accordance with the verdict, and rendered judgment in favor of Townsdin and against the railroad company for the costs, taxed at $220.75.    As the rail-

road company offered in open court to confess judgment for a larger amount than that recovered by Townsdin upon the final trial, and as he refused to accept the offer, its contention is that Townsdin must pay all of the costs incurred after the offer. (Civil Code, § 528.)

The condemnation proceedings originally instituted were special only; not an action in the district court. After the appeal was taken, the proceeding was turned into an action to be heard, tried and disposed of as other actions in the district court. While the judgment did not pass the title to the land, nor to the right-of-way, it did determine the amount which the railroad company was required to pay to the owner of the land, or to the county treasurer for his use, to secure the right-of-way. The judgment for costs in such an action is rendered in the form of an ordinary personal judgment. Technically, the language of § 528 of the civil code does not embrace proceedings in condemnation, because it refers to actions "brought for the recovery of money;" but the spirit and intent of that section does apply where an appeal is taken from the award of damages. (*Fuller v. Wells*, 42 Kas. 551.) In such a case the trial court may require new pleadings to be filed, and damages are properly allowable for the actual value of the land taken by the railroad company, and for the consequential diminution in value of the land not taken.

In *Seymour v. Cooper*, 26 Kas. 539, the exemption statute was construed to apply to the personal services or earnings of a debtor in attachment or garnishment proceedings. The statutes do not anywhere in express terms create such an exemption, and yet an exemption was declared in such a case, because within the evident spirit and intent of the legislature. The offer of the railroad company on June 11, 1885, was $206.25, with accrued costs. The making of its subsequent offer did not waive or set aside its first offer, and therefore, as the verdict and judgment were less than the first offer, Townsdin cannot recover any costs after June 11, 1885.

The judgment of the district court will be reversed, with the direction to the court below to retax the costs in accordance with the views herein expressed.

All the Justices concurring.