W. A. VARN, *Plaintiff in Error*, v. W. A. WHIDDEN, *Defendant in Error*.

Where a stockholder of a dissolved corporation seeks to recover his share of assets after the corporate debts are paid, and the method of computing the amount of the distributive shares is contested, the remedy is in equity.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*H. K. Olliphant,* for Plaintiff in Error;

No appearance for Defendant in Error.

WHITFIELD, C. J.—Varn brought an action at law against Whidden "for the portion of the funds which the plaintiff thought he was entitled to have," as a stockholder upon the voluntary dissolution of a corporation, Whidden holding the assets of the dissolved corporation for distribution among the stockholders, the debts having been paid.

The pleadings show a contest as to the method of computing the distributive shares of the funds due to the stockholders of the dissolved corporation after the payment of debts, and the court gave judgment for the defendant upon the ground that the remedy is in equity and not at law. On writ of error the plaintiff contends that under Section 2682 of the General Statutes, the method of distribution may be determined in an action at law. The statute referred to does not provide a remedy for an alleged erroneous and inequitable method of distributing the funds of a dissolved corporation among the stockholders. The remedy is in equity.

The declaration contains a common count for money received by the defendant for the use of the plaintiff. While on a proper common count recovery may be had for money which in good conscience should be paid to the plaintiff, it does not take the place of equitable remedies and cannot be used as such, it being an action at law.

This is not an action to recover an amount due under a contract relation between the corporation or its representative and a third party, but it is to determine the rights of a stockholder with reference to the distribution of the funds of a dissolved corporation after the corporate debts are paid. See Spratt v. Livingston, 32 Fla. 507, 14 South. Rep. 160, 22 L. R. A. 453, cited by plaintiff in error. Being a matter of equitable cognizance the

20—Vol. 63.

court will not be held in error for rendering judgment for the defendant upon the ground that the plaintiff's remedy is in equity and not at law.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.