## JONES *v.* BROWN *et al.*

ATKINSON, J. Mrs. Rebecca A. Jones executed a deed to Lanier University, dated May 20, 1918, purporting to convey two described tracts of land. In the first part of the deed the consideration was stated to be " one thousand ($1,000.00) dollars, in hand paid." The tracts were separately described in two distinct " items." At the conclusion of the second " item " it was stated: " Right to the use of the dwelling and premises described in item one of this deed is hereby reserved, for and during the natural life of either or both Mrs. R. A. Jones or her sister Miss S. A. Brown." Then followed other clauses such as are usually employed in warranty deeds of absolute conveyance. Mrs. Jones and Lanier University entered into a written contract dated May 11, 1914, which was signed by both of the parties and attested as deeds to realty are required to be executed. It is stated in the contract that Mrs. Jones transfers to the university the two tracts of land above referred to, declaring that they are " better described in deed hereto attached." The tract described in item one of the deed was transferred at a valuation of $5,000, and the tract described in item two was transferred at a valuation of $1,400. Certain promissory notes were also transferred at a valuation of $1,220; making a total of $7,620. The consideration expressed for such transfers was the interest Mrs. Jones feels in the cause of education and her desire to aid Lanier University in the prosecution of its work, " and in the consideration of the covenants hereinafter set forth and other good and sufficient consideration." Other covenants were: " The said Lanier University further agrees to give the use of the home or as much as the home of the said party of the first part as long as she lives, use to be free from all expenses to her in rents, taxes, and insurance. Said University further agrees, if party of the first part passes away before her sister, Sarah A. Brown, then said Sarah A. Brown is to have free use of the home as long as she lives. The use of the home to be recorded as part of the annuity named in this contract to the extent of $100.00 per year, the total annuity being $568.00 per annum; . . that the said party of the second part is to pay the said party of the first part for and during the term of her natural life an annuity of $568.00 per annum, said annuity to be paid in equal semi-annual installments on the first day of January and the first day of July each succeeding year so long as she lives, and in case said Sarah A. Brown should survive said Mrs. R. A. Jones said annuity to be paid to said Sarah A. Brown as long as she lives. . . The said Lanier University accepts the payments of $7620.00 so made it upon the terms above stated, and agrees and binds itself, its successors and assigns, to pay to said party of the first part for and during the term of her natural life the said annuities herein above stated as long as she lives, and to said Sarah A. Brown should she survive the said Mrs. R. A. Jones." After the execution of the deed and contract Mrs. Jones and her sister continued to reside in the home described in " item " one of the deed. After execution of

the deed Lanier University executed a security deed to Mrs. Carolyn Brown conveying the home place as security for a loan of $2,500, and became insolvent. Mrs. Brown reduced her demand to judgment against Lanier University, and caused the home place to be levied upon under a fi. fa. based on the judgment. The levy was made expressly "subject to the right of occupancy and the use of the dwelling and premises during the natural life of Mrs. R. A. Jones." Mrs. Jones interposed a statutory claim to prevent a sale of the land, and subsequently filed an equitable amendment in aid of the claim. Lanier University was duly made a party to the case. The equitable amendment alleged all that is stated above, and contained the following additional allegations. The deed and contract were executed contemporaneously, and the provisions of the written contract became a part of the deed. Mrs. Brown took her security deed with notice of the rights reserved to Mrs. Jones and her sister in the home place by the terms of the deed, and with notice of the covenants upon the part of the Lanier University contained in the contract. Lanier University is now due Mrs. Jones, on account of annuities provided for in the contract, $1,500, which on account of insolvency of the university she is unable to collect. Unless equity intervenes to set aside the deed or to declare a lien upon the property in favor of claimant to satisfy the debt for annuities, claimant will lose both her property and the debt. Claimant is 81 years of age and her sister is 69; and if the property should be sold they would be left penniless, "caused solely by the fraud" of the university; if the property should be sold at public outcry subject to claimant's life-estate and her sister's life-estate the proceeds would not satisfy plaintiff's fi. fa., and consequently claimant would suffer a loss of the property and the annuities; as the contract and the deed constituted one contract, the recording of the deed and the failure to record the contract was a fraud upon the part of the university; the university obtained the contract through its president in whom claimant had great confidence; he was her pastor and spiritual advisor and knew she had great confidence in him; in the circumstances he took advantage of her and procured the contract by fraud. There were prayers: (a) That the court decree that Mrs. Brown was affected with notice of all the rights of claimant in the property and the fraud practiced upon her; that the judgment and fi. fa. in favor of Mrs. Brown be decreed to be void and unenforceable as against the life-estate or estate in remainder. (b) That the deed and contract be declared null and void, and enforcement of the levy be enjoined; but, if the court should refuse such relief, that claimant have judgment for the amount of annuities due her under the contract, and that the judgment be declared a first lien on the proceeds of the sale. The plaintiff in fi. fa. filed a general demurrer to this amendment, on the grounds: (a) That it failed to allege an equitable or legal cause of action. (b) That the facts alleged were insufficient to charge notice to the plaintiff in fi. fa. of the claimant's alleged equities. (c) That the allegations were insufficient to charge fraud upon the part of the university or notice of such fraud to plaintiff in fi. fa. (d) Because the alleged

annuity contract was a mere personal contract on the part of the claimant and Lanier University, and did not create any lien or charge upon the property. When the case came on to be heard the judge entered an order dismissing the claim as amended, on the ground that no equity was alleged against the plaintiff in fi. fa. The order of dismissal contained the further provision: "And it is further decreed by the court that the land described in the amended claim . . be sold by virtue of the fi. fa., subject to the right of occupancy and the use of the dwelling and premises during the natural life of Mrs. R. A. Jones. It has been shown to the court that the other person having the right of occupancy during her life, to wit, Miss S. A. Brown, died about two weeks before the argument of this case." The claimant excepted to this judgment. *Held*:

1. Under a proper construction the judgment protected the life-interest of the claimant in the home place. The other life-tenant was not a party to the case, and would not be affected by the judgment.

2. The covenant by Lanier University to pay annuities in money to the claimant was a mere personal covenant upon the part of the covenantor; and did not purport to create a lien upon the land.

3. The allegations relied on as a basis of fraud were insufficient, and would not authorize a decree setting aside the deed or the contract.

4. The judge did not err in striking the claim as amended.

*Judgment affirmed. All the Justices concur.*

No. 3500. SEPTEMBER 25, 1923.

Claim. Before Judge Hutcheson. Campbell superior court. September 25, 1922.

*J. F. Golightly* and *J. H. Longino,* for plaintiff in error.

*Joseph W. Humphries, C. L. Pettigrew,* and *B. H. Sullivan,* contra.