No. 26,258.

JOHN W. SPENA, *Appellant,* v. O. BRUCE GOFFE, O. B. GOFFE, GEORGE
    ESLINGER, J. S. ESLINGER and A. K. GOFFE, *Appellees,* W. J.
    WILLIAMS, J. J. KERAUS, W. G. BAKER, G. G. JONES, Admr., H. F.
    KLINE, and H. S. GIVLER, *Appellants.*

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Dissolution—Distribution of Assets—Nature of Action.* A
   suit by a stockholder of a dissolved corporation against the former officers
   and directors as trustees to determine who are the stockholders entitled
   to share in the distribution of the net corporate assets, and how such shares
   shall be computed, and the amount plaintiff is entitled to receive, is a suit
   in equity.

2. SAME—*Distribution of Assets—Estimated Amount—Nature of Action.* The
   fact that plaintiff in such a suit has estimated the amount he thinks he is
   entitled to receive as his share of the net corporate assets and asks for a
   money judgment for such sum does not change the nature of the suit.

3. JURIES—*Right to Trial by Jury—Suits in Equity.* In a suit in equity a
   party is not entitled to a trial by jury as a matter of right.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion
filed December 5, 1925. Affirmed.

*Herman Long,* of Wakeeney, for the appellants.

*C. W. Burch, B. I. Litowich* and *LaRue Royce,* all of Salina, for the ap-
pellees.

The opinion of the court was delivered by

HARVEY, J.: The Wakeeney Telephone Company, a corporation,
was disorganized by mutual consent of the stockholders and its
physical property sold for cash. This is a proceeding in equity by
a stockholder representing himself and similar claims of other
stockholders assigned to him for the distribution among the stock-
holders of the proceeds arising from the sale of the physical prop-
erties of the corporation and a division of earnings on hand.
Originally there were several questions to be determined which
affected the distribution. One was whether or not certain stock
was valid. Another was whether certain rural lines had become a
part of the property of the corporation, and if so, how should the
money arising from the sale of that be handled. There were other
questions affecting the rights of specific stockholders. Upon a

1, 2. Corporations, 14a C. J. § 3891.   3. Juries, 35 C. J. § 30.

former trial it was held that an increase of stock in question was invalid, and an order was made dividing the proceeds among the holders of the valid stock. Upon appeal to this court that judgment was affirmed so far as it pertained to the increase of stock, and reversed in so far as the distribution was concerned, and suggestions were made to the court below as to the method of determining an equitable distribution. (*Spena v. Goffe,* 112 Kan. 693, 212 Pac. 1093.) The pleadings were then recast and the case again tried to the court, who made exhaustive findings of fact and conclusions of law and rendered judgment for the plaintiff. The trial court found the value of the rural lines taken over by the corporation to exceed the sum realized from the sale of visible property and gave plaintiff no share of that. The earnings on hand were distributed in proportion to the value of the property from which the earnings were made.

The plaintiff's principal contention on this appeal is that the trial court denied his request for a jury trial. The argument is that since he prayed for a money judgment, he was entitled, as a matter of right, under the constitution (Bill of Rights, § 5) and the statute (R. S. 60-2903) to a jury trial. There is no merit to this contention. The suit was one for an accounting among stockholders and others claiming an interest in the proceeds of the sale of corporate property in the dissolution of such corporation, and is naturally and essentially a proceeding in equity.

Upon the dissolution of a corporation, unless a receiver is appointed, the president and directors of the corporation become the trustees of the creditors and stockholders, with full power to settle the affairs, collect the assets, pay the debts and divide the money and other property of the corporation among the stockholders. (R. S. 17-808, 17-809.) A suit by one of the stockholders against such trustees for the disbursement of the net assets among the stockholders is essentially a suit for an accounting, equitable in its nature. The fact that plaintiff has made a computation as to the value of his share and asks for a money judgment for a stated sum, does not change the nature of the proceeding. The real purpose of the suit is to determine the sum to be disbursed, the parties among whom the disbursement shall be made, and the share of each. In 14*a* C. J. 1199, it is said:

"The rights of a stockholder in the distribution of the assets may be determined by a bill in equity brought by the stockholder. . . . A stockholder's remedy against the trustees is in equity."

In *Varn v. Whidden*, 63 Fla. 304, it was held:

"Where a stockholder of a dissolved corporation seeks to recover his share of assets after the corporate debts are paid, and the method of computing the amount of the distributive share is contested, the remedy is in equity." (See, also, 7 R. C. L. 740; 5 Pomeroy's Equity Jurisprudence, 5217; 22 Ency. of Pl. & Pr., 1257; *Bacon v. Robertson*, 18 How. [U. S.] 480, 15 L. Ed. 499; *Cummington Realty Associates v. Whitten*, 239 Mass. 313; *Hale v. The Bridge Co.*, 8 Kan. 466, 472; *Morrow v. Comm'rs of Saline Co.*, 21 Kan. 484.)

It has been uniformly held in this court since the early history of the state that a party is not entitled to a jury trial as a matter of right in a suit in equity. An early case is *Kimball and others v. Connor, Stark and others*, 3 Kan. 414. A late one is *Fisher v. Rakestraw et al.*, 117 Kan. 441, 445-447, 232 Pac. 605, where many cases are cited.

The plaintiffs complain of the amount the trial court found to be the value of the rural lines when taken over by the corporation. This finding was reached upon controverted testimony as to the value, and will not be disturbed. Some other questions are discussed by appellant, but either they were decided favorably to him in the court below, or are of no substantial merit.

Finding no error in the record, the judgment of the court below will be affirmed.

BURCH, J., not sitting.