No. 33,481

T. C. RUSSELL, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

No. 33,482

JOHN S. STEPHENS, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(77 P. 2d 199)

Opinion on rehearing filed March 5, 1938.

*Lester Goodell*, assistant attorney general, *Robert Osborn*, of Stockton, *Otho W. Lomax*, of Cherryvale, *C. C. Casey*, of Topeka, *Woodrow B. Morris*, of Oxford, and *Donald Corson*, of Kansas City, for the appellant.

*Blake A. Williamson, James K. Cubbison* and *Lee Vaughan, Jr.*, all of Kansas City, for the appellees.

*A. J. Herrod, Arthur J. Stanley, Lee E. Weeks, J. E. Schroeder, Edward H. Powers, E. E. Martin, J. H. Brady, Wash H. Brown, H. S. Roberts, David F. Carson, James M. Scott*, all of Kansas City, *P. G. Wadham*, of Marysville, *Schuyler C. Bloss, Harold W. Herrick* and *Olin B. Scott*, all of Winfield, as *amici curiae*.

The opinion of the court was delivered by

HUTCHISON, J.: The two cases above entitled are entirely separate and distinct and never were consolidated, but because the same law points were involved in each of them one opinion was written to

cover both cases, which opinion was handed down November 6, 1937, and reported in 146 Kan. 634, 73 P. 2d 29. Rehearings were granted in these cases on January 4, 1938, and the cases were reargued on January 27, 1938. At the same time the argument was made and briefs were submitted in the case of *Glover v. State Highway Comm.*

All three were eminent-domain cases under G. S. 1935, 26-101 and 26-102, and the proceedings in each of them were the same until they reached this court on appeal, except that in the Glover case the highway commission had filed its objection to the appeal bond given by the landowner at once and before the trial of the case on the appeal to the district court from the award made by the appointed commissioners, whereas in the Russell and Stephens cases such objections were first made after the trial was over. The majority opinion rendered in the Russell and Stephens cases, as filed November 6, 1937, held that the appeal bond given by the landowner in each case to appeal to the district court from the award of the commissioners did not comply with the requirement of the statute (G. S. 1935, 26-102) and therefore did not confer on the district court jurisdiction of the subject matter. Upon the rehearing the court reached a different conclusion as to the bond giving jurisdiction to the district court. This conclusion has been ably and forcibly expressed in the opinion written by Mr. Justice Harvey in the Glover case, this day decided, and that opinion has been approved and adopted as the proper decision in these two cases on the point of the appeal bonds given by the landowners in the. Russell and Stephens cases conferring jurisdiction on the district court on appeal from the award, and reference is herein made to the decision in the Glover case on that point as stating the law and decision in these two cases, which overrules the former decision as to that point. The second paragraph of the syllabus in the Russell and Stephens cases (146 Kan. 634) is therefore overruled and the second paragraph· of the syllabus in the Glover case, this day decided, is adopted and substituted therefor, and the corresponding part of the opinion in the Glover case is approved.

Because of holding there was a want of jurisdiction in the former opinion (146 Kan. 634), no consideration was given there to the evidence introduced to establish in the district court the amount of damages sustained by these two landowners for the taking of land to widen the highway and damages to the land not taken. In the Russell case the land consists of 96 acres four miles west of Kansas City, Kan., with 1,600 feet fronting on the south side of the Reidy

Road. The state highway commission widened the road by taking a strip 40 feet wide and 1,600 feet in length, also a strip 20 feet wide and 152 feet long for a channel, also a construction easement 50 feet square, making a total of 2.1 acres taken. The condemnation commissioners made an award of $750.75 for the land taken and damages to that not taken. On appeal the jury rendered a verdict for $3,502.

The highway commission objected to much of the evidence introduced to establish the value and damages, and now assign as error the overruling of such objections. Only about 15 acres of the land was in cultivation. The rest of it was timber land and pasture, and was used for a riding academy. There was a spring on the land, and formerly a lake, but there is no lake there now. It has been filled up. The grade of the road had been raised from about one foot above the general level to about six feet, and the channel for the draw or stream has been widened and extended.

One witness estimated the land taken at $500 per acre because "ground fronting on the road is always worth more," although it "is no better than that immediately in the rear of it." Another witness took into consideration the fact of there having been formerly a lake on the land, and several platted lots around it which had sold for $400 to $600 each. Another witness arrived at his estimate of the value by considering the superior value of frontage ground above other ground in the same tract, and also because of the former existence of the lake on the premises. Neither this extra value of frontage ground nor the earlier existence of a lake, now dry, are proper elements in arriving at the present value of land taken or depreciation in value of land not taken, and because they were taken into consideration in making the estimates the verdict doubtless was based thereon. Evidence based upon such estimates is improper and erroneous and necessitates a new trial.

In the Stephens case the land involved consists of 80 acres on the south side of the Reidy road, which was widened through this land, with a frontage of 1,320 feet, so that the land taken was .96 of an acre. It was about five miles west of Kansas City, Kan. The grade was changed part of the way. The fill was raised, and in another part the cut was deepened. A small part of the land taken was for a construction easement, and the driveway was changed. The land was used for farming, except about 15 acres in timber; besides there were many shade and fruit trees on the premises. The amount of

the award was \$810.25 and the verdict rendered at the close of the trial in the district court was \$5,479.01.

One of the witnesses in this case used a difference in frontage value of four times as much for the front land taken as that which was the value of the new frontage land. This was an improper discrimination and basis of valuation. The same witness took into consideration his judgment that this land was an ideal tract for platting purposes, although it had never been used for that purpose, which was rather speculative. Especially for the reason of the improper estimate of frontage in this case, as in the Russell case, there was error in this character of proof of value and it necessitates a reversal.

Both cases are reversed, with directions to grant a new trial in each.

HUTCHISON, J. (dissenting): I dissent from that portion of this decision which holds that the appeal bonds given by the landowners are in compliance with the requirements of G. S. 1935, 26-102, and confer jurisdiction of the subject matter upon the district court.