No. 40,334

JAMES H. COLLINGWOOD, *Appellee* and *Cross-Appellant,* v. KANSAS TURNPIKE AUTHORITY, *Appellant.*

(317 P. 2d 400)

Opinion filed October 25, 1957; withdrawing portions of syllabus and corresponding portions of opinion filed April 6, 1957. (For original opinion of affirmance see *Collingwood v. Kansas Turnpike Authority,* 181 Kan. 43, 310 P. 2d 211.)

*Alex Hotchkiss*, of Lyndon, argued the cause, and *Robert M. Cowger*, of Topeka, was with him on the briefs for appellant.

*Wendell L. Garlinghouse*, of Topeka, argued the cause, and *Warren W. Shaw* and *William Hergenreter*, of Topeka, and *Harry T. Coffman*, of Lyndon, were with him on the briefs for appellees and cross-appellant.

The opinion of the court was delivered by

FATZER, J.: On May 15, 1957, we granted a rehearing in *Moore v. Kansas Turnpike Authority*, 181 Kan. 51, 310 P. 2d 199, and ordered that the case be rebriefed and reargued at the June 1957 session, limited to the single question of whether separate appeals of owners of separate interests in the same tract of land who appeal from an award of appraisers in an eminent domain proceeding should be tried as a single action by one jury, or as separate actions by separate juries. On that same day we entered an order recalling the mandate of this court issued April 29, 1957, to the district court of Osage County affirming that court in *Collingwood v. Kansas Turnpike Authority*, 181 Kan. 43, 310 P. 2d 211.

Following reargument of *Moore v. Kansas Turnpike Authority*, supra, we concluded we were in error in our original determination of points of law announced in ¶¶ 1 and 2 of the syllabus and the corresponding portions of that opinion, and have withdrawn and vacated those paragraphs and that portion of the opinion to which they relate. See our holding on rehearing in *Moore v. Kansas Turnpike Authority*, 181 Kan. 840, 317 P. 2d 384, this day decided:

"The record examined upon a rehearing where the Kansas Turnpike Authority appealed from an order of the district court denying its motion to consolidate for trial as a single action the question of the sufficiency of the award of appraisers in an eminent domain proceeding presented by separate appeals of owners of separate interests in the same parcel of land, and *held*: (1) The question before the district court on the motion of the Authority was not whether the separate appeals of the landowner, the tenant, and the Authority should be consolidated for trial, but whether they could be severed when appeal is taken; (2) G. S. 1955 Supp., 26-102 construed to mean that separate appeals of owners of separate interests in the same tract of land who appeal from an award of appraisers in an eminent domain proceeding cannot be severed, and that any one or all such appeals bring to the district court in its entirety the sole question of the sufficiency of the award to be tried as a single action; (3) ¶¶ 1 and 2 of the syllabus and the corresponding portions of the opinion in *Moore v. Kansas Turnpike Authoity*, 181 Kan. 51, 310 P. 2d 199 are withdrawn and vacated; and (4) under the facts and circumstances of this case the court should now consolidate the separately docketed appeals for trial as a single action." (Syl. ¶ 1.)

Paragraphs 1 and 4 (a) of the syllabus in the original Collingwood case, *supra,* were decided upon the holdings of ¶¶ 1 and 2 of the syllabus and corresponding portions of the opinion in the original Moore case (181 Kan. 51, 310 P. 2d 199), and since we have withdrawn and vacated ¶¶ 1 and 2 of the syllabus of the original Moore case, *supra,* the same withdrawal and vacation applies to ¶¶ 1 and 4 (a) of the syllabus and corresponding portions of the opinion in the original Collingwood case, *supra,* and the same are hereby withdrawn and vacated.

In view of the foregoing, the judgment is reversed with instructions to the district court to proceed with the trial of all appeals as a single action in accordance with the views herein expressed. All other holdings in *Collingwood v. Kansas Turnpike Authority,* 181 Kan. 43, 310 P. 2d 211, are adhered to.

It is so ordered.

PRICE and SCHROEDER, JJ., dissenting.