No. 41,059

Estate of Columbus C. Smith, deceased; BERTHA P. SMITH MONT-GOMERY and JAMES R. MONTGOMERY, *Appellees,* v. KANSAS TURN-PIKE AUTHORITY OF THE STATE OF KANSAS, *Appellant.*

(325 P. 2d 63)

Opinion filed May 10, 1958.

*Donald C. Little,* of Kansas City, and *Robert M. Cowger,* of Topeka, argued the cause and were on the briefs for appellant.

*Leonard O. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks* and *J. Donald Lysaught,* all of Kansas City, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: The sole question presented is whether the Kansas Turnpike Authority is required to give a bond for costs as prescribed in G. S. 1957 Supp. 26-102 to perfect an appeal to the district court from an award of commissioners in an eminent domain proceeding.

Two contentions are presented by the Authority. First, that it is a state agency, and as such, is exempted by G. S. 1949, 60-2401 from giving such a bond. We are not persuaded the contention is meritorious. That statute provides in part:

"*In any civil action* hereafter *brought* in any district court of this state, before the clerk shall issue summons there shall be filed in his office, by or on behalf of the plaintiff, a bond to be approved by the clerk (to pay all costs) . . . *And provided further,* That in case the plaintiff is the state, or any county, city, township, school district or board of education of this state, or any board or officer thereof, acting in his official capacity, no such bond for costs shall be required." (Emphasis supplied.)

The statute is a part of the code of civil procedure and is clearly applicable only to civil actions brought in the district court. A proceeding in eminent domain instituted before a judge of the district court pursuant to G. S. 1957 Supp. 68-2006, G. S. 1949, 26-101 and G. S. 1957 Supp. 26-102 is a special statutory proceeding in the nature of an inquest to which the code of civil procedure is inapplicable. (G. S. 1949, 60-3823; *State Highway Commission v. Griffin,* 132 Kan. 153, 155, 294 Pac. 872; *Glover v. State Highway Comm.,* 147 Kan. 279, 282, 286, 77 P. 2d 189; *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 643, 644, 645, 282 P. 2d 395; *Kansas Homes Development Co. v. The Kansas Turnpike Authority,* 181 Kan. 925, 929, 317 P. 2d 794.) The code is applicable only in the event "an action shall be docketed" by timely appeal by the petitioner, the owner, or any lien holder of record. An appeal is perfected by the filing of a written notice of appeal with the clerk of the district court and *giving bond for the costs thereof,* to be approved by the clerk within 30 days from the date the appraisement is filed by the commissioners. Jurisdiction of the district court is acquired in such actions by the filing of the required notice and bond for costs. (*Glover v. State Highway Comm.,* supra; *Russell v. State Highway Comm.,* 146 Kan. 634, 73 P. 2d 29, rehearing 147 Kan. 297, 77 P. 2d 199; *Jensen v. City of Chanute,* 146 Kan. 162,

68 P. 2d 1080; *Auto Trunk Co. v. Hahn*, 138 Kan. 36, 23 P. 2d 585.) Until the giving of such notice and bond no action exists to be docketed or tried. As previously indicated, G. S. 1949, 60-2401 is a part of the code of civil procedure. The code has no application until an action is docketed, and when that occurs, a bond for costs has already been provided.

In *Glover v. State Highway Comm.*, supra, this court, in commenting upon the effect of G. S. 1949, 60-3823, said:

"So far as it applies here, this section (G. S. 1949, 60-3823) simply means that the code of civil procedure has no application to any special procedure provided by the legislature for the taking of private property for public use unless and until an appeal is taken to the district court, unless the legislature specifically makes the civil code applicable prior to that time, which it has not done. . . ."

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"This follows, of course, what has been done under the special proceedings for the taking of private property for public use, as outlined in G. S. 1935, 26-101, and the filing of the report of the commissioners, previously appointed, with the clerk of the district court, showing the award of damages made by them to the landowner. That prior proceeding is what the code of civil procedure does not apply to, as was stated in G. S. 1935, 60-3823. *But when the notice of appeal and bond are given and approved, as authorized by G. S. 1935, 26-102, 'an action shall be docketed and tried the same as other actions.' With respect to the trial of such an action the civil code does apply . . .*" (l. c. 282.)  (Emphasis supplied.)

Assuming, but in no sense deciding, the Authority is an official board of the state and not required to give a bond for costs upon the filing of a civil action in the district court, it is clear that under no circumstances is G. S. 1949, 60-2401 applicable to appeals from the awards of commissioners in eminent domain. The giving of a bond for costs under G. S. 1957 Supp. 26-102 is a condition precedent to the docketing of an action in the district court, whereupon the civil code becomes applicable with respect to the trial of such an action.

For its second contention, the Authority argues it is an instrumentality of the state and is exempt from the requirement resting upon a private corporation as a petitioner (other than railroads), the owner, or any lien holder of record, to give a bond for costs pursuant to G. S. 1957 Supp. 26-102 since statutes limiting rights or interests will not be construed to embrace the sovereign power or government unless it be expressly named, or intended by necessary

implication (*State v. Book Co.*, 69 Kan. 1, 76 Pac. 411; *State v. Kaemmerling*, 83 Kan. 387, 111 Pac. 441).

G. S. 1957 Supp. 68-2006 empowers the Authority to exercise the power of eminent domain in the manner provided by the laws of the state then applicable to the exercise of that power by the State Highway Commission. G. S. 1957 Supp. 68-413 authorizes the State Highway Commission to exercise the power of eminent domain, and ". . . when exercised as herein provided shall be in accordance with the provisions of article 1, chapter 26 of the General Statutes of 1949 or any amendments thereto. . . ." Thus, when the Authority exercises the power of eminent domain, as it did in the present action, it must proceed in accord with the provisions of Art. 1, Ch. 26. G. S. 1949, 26-101 provides for the filing of ". . . a *petition* setting forth the purpose for which the land is sought to be acquired, a description of each lot and parcel of ground and the name of the owner . . . as shown by the records of such county."

G. S. 1957 Supp. 26-102 provides in part:

"If the *petitioner* or the owner or any lien holder of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions . . . ." (Emphasis supplied.)

When G. S. 1957 Supp. 68-2006 was enacted, the legislature had before it an amendment to G. S. 1953 Supp. 26-102 (now G. S. 1957 Supp. 26-102). These two statutes were enacted by the legislature in the same session and approved by the governor on consecutive days (L. 1953, Ch. 200, Ch. 308). Both deal generally with the same subject matter, *i. e.*, the taking of private property for public use. These statutes are in *pari materia* and must be construed together with a view of reconciling and bringing them into workable harmony if reasonably possible to do so. (*Kimminau v. Common School District*, 170 Kan. 124, 223 P. 2d 689; *In re Estate of Bowman*, 172 Kan. 17, 25, 238 P. 2d 486; *Kansas-Nebraska Natural Gas Co. v. State Corporation Commission*, 176 Kan. 561, 569, 271 P. 2d 1091.) No change was made in the use of the word "petitioner" as it appears in G. S. 1957 Supp. 26-102, nor was the Authority expressly exempt from giving a bond for costs in the event it appealed from an award of the commissioners to the district court.

Considering and construing the pertinent provisions of G. S. 1957 Supp. 26-102 and 68-2006 we think that when the legislature expressly directed the Authority to exercise the power of eminent domain in accordance with the provisions of Art. 1, Ch. 26, it disclosed a deliberate intent and purpose to consider the Authority a "petitioner" as used in G. S. 1957 Supp. 26-102. The reaffirmance of the word "petitioner" without exempting the Authority, compels the conclusion that when the Authority commences a proceeding in accordance with G. S. 1949, 26-101, and is dissatisfied with the award of the commissioners and desires to appeal to the district court, by necessary implication it is required to file its written notice of appeal with the clerk of the court and give bond for costs thereof the same as a private corporation petitioner, the owner, or any lien holder of record.

The record discloses the Authority timely filed its notice of appeal, but did not file a bond for costs; consequently, the district court did not acquire jurisdiction of the appeal, and it did not err in sustaining the motion to dismiss the appeal.

The judgment is affirmed.