No. 43,043

THE STATE HIGHWAY COMMISSION OF KANSAS, *Plaintiff*, v. WALTER E. HEMBROW and ALBERT B. FLETCHER, JR., as Judges of the District Court of Dickinson County, Kansas, *Defendants*.

(378 P. 2d 62)

Opinion filed January 26, 1963.

*Charles N. Henson*, Assistant Attorney General, of Topeka, argued the cause, and *James L. Sweet*, Assistant Attorney, State Highway Commission, of Topeka, was with him on the briefs for Plaintiff.

*R. H. Royer*, of Abilene, argued the cause, and *Paul H. Royer* and *James C. Johnson*, of Abilene, were with him on the briefs for Defendants.

The opinion of the court was delivered by

FATZER, J.: In this original action the plaintiff, State Highway Commission, seeks a writ of mandamus against the defendants as judges of the district court of Dickinson County, commanding them to set aside the order of reference for trial of issues of law and fact in the case of *The Abilene Country Club v. The State Highway Commission*, No. 15,192, and to grant plaintiff a jury trial on the amount of damages to be awarded the owner for the taking of private property for public use.

On February 12, 1962, an alternative writ of mandamus was issued commanding the defendants to grant plaintiff the relief sought, or to answer and show cause why they should not do so. On March 3, 1962, the defendants answered and on May 1, 1962, plaintiff filed a motion for judgment on the pleadings. Since the facts are fully stated in plaintiff's motion for a writ of mandamus and admitted by defendants' answer, further reference to the pleadings is unnecessary, and pertinent facts are summarized:

On June 25, 1959, plaintiff filed its petition in the district court for the condemnation of land in Dickinson County, pursuant to G. S.

1949, 26-101. Commissioners were appointed who gave notice as provided by law and made an appraisement of $5,149.40 for the land taken and damage to the land remaining. On August 12, 1959, being dissatisfied with the appraisement, the owner filed an appeal pursuant to G. S. 1959 Supp., 26-102, which was docketed as case No. 15,192 and captioned as *The Abilene Country Club v. The State Highway Commission.*

On September 5, 1959, the State Highway Commission timely filed a notice of appeal from the appraisers' award, and a bond for costs. On the same date, it filed a condemner's verified estimate pursuant to G. S. 1959, 26-102, in the amount of $4,264.50. On September 11, 1959, the State Highway Commission dismissed its appeal.

On September 18, 1961, the action was tried to a jury which returned a verdict in favor of the owner for $5,475.85. Following the verdict, the owner filed a motion for a new trial which was sustained on September 29, 1961.

On December 16, 1961, the owner moved the court to set the action for trial to the court or to refer the issues of law and fact to a referee, and the State Highway Commission moved the court to set the action for trial to a jury. On the same day, the district court sustained the owner's motion for reference of the issues to a referee and denied the State Highway Commission's motion for a jury trial. Thereafter and on January 2, 1962, the court appointed three referees to determine all issues of law and fact in the retrial of case No. 15,192. Later, and on February 12, 1962, plaintiff filed its verified motion for a writ of mandamus as heretofore related.

It is unnecessary to write a treatise of the law of eminent domain, and for reasons hereafter stated, we conclude that the plaintiff is entitled to a jury trial and a peremptory writ of mandamus should issue.

It is well settled that an eminent domain proceeding commenced pursuant to G. S. 1949, 26-101 to take private property for public use is a special statutory proceeding in the nature of an inquisition to which the code of civil procedure is inapplicable. (*Glover v. State Highway Comm.,* 147 Kan. 279, 77 P. 2d 189; *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 282 P. 2d 395; *Kansas Homes Development Co. v. Kansas Turnpike Authority,* 181 Kan. 925, 929, 317 P. 2d 794; *Moore v. Kansas Turnpike Authority,* 181 Kan. 840, 843, 317 P. 2d 384; *Sutton v. Frazier,* 183 Kan. 33, 37, 325 P. 2d 338;

*Smith v. Kansas Turnpike Authority,* 183 Kan. 158, 159, 325 P. 2d 63.) In such a proceeding commissioners are appointed by the district court who are sworn and who give notice to the owner, or any lien holder of record, of the time and place of the appraisement for damages. Following the appraisement, the commissioners file their report with the clerk of the district court, showing the award of damages made by them to the owner. Such an award is not a judgment and no execution can be issued on it. (*Glover v. State Highway Comm.,* supra, p. 286.)

Having provided a special proceeding for the exercise of the right of eminent domain (G. S. 1949, 26-101, the legislature added a following section (G. S. 1961 Supp., 26-102) giving the condemner or the owner or any lien holder of record, if dissatisfied with the award of the commissioners, a right to appeal to the district court. The pertinent portion of the later section reads:

"If the petitioner or the owner or any lien holder of record of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, *and thereupon an action shall be docketed and tried the same as other actions.* . . . (Emphasis supplied.)

The remainder of the section pertains to details of procedure for payment of the award of the commissioners if the condemner desires to take immediate possession of the property condemned; the conditions to be complied with when the condemner desires to appeal and also take possession of the property; of acceptance of the amount of the award deposited by the owner as just compensation to be awarded which shall not preclude his right to appeal, and finally, that "the issue of compensation to be determined on appeal" shall be by a jury trial and final judgment of the court (*Burke t Board of Education of Common School District No. 110,* 181 Kan. 534, 313 P. 2d 272).

Jurisdiction of the district court is acquired in such an action by the filing of the required notice and bond for costs. (*Russell v. State Highway Comm.,* 146 Kan. 634, 73 P. 2d 29; *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080; *Glover v. State Highway Comm.,* supra.) As we have seen, Section 26-102 provides a procedure uniform in all cases to which it applies and provides the appeal shall be "docketed and tried the same as other actions," and an action is defined by our code. (G. S. 1949, 60-104.) Hence, what was previously a special proceeding in the nature of an in-

quisition becomes a civil action and is governed by the code of civil procedure (*Glover v. State Highway Comm.*, supra, p. 282; *Smith v. Kansas Turnpike Authority*, supra, p. 165); the result of the trial of such an action becomes a money judgment (*Stewart v. Marland Pipe Line Co.*, 132 Kan. 725, 297 Pac. 708), and an appeal may be taken from the district court to the supreme court upon final judgment (G. S. 1949, 60-3302).

Our decisions are to the effect that where the condemner or the owner or any lien holder of record appeals to the district court, any one or all such appeals brings to the district court in its entirety the sole question of the sufficiency of the award, that is, the amount of compensation to be awarded for the property taken and damages, if any, to the land remaining. (*Federal Land Bank v. State Highway Comm.*, 150 Kan. 187, 92 P. 2d 72; *Moore v. Kansas Turnpike Authority*, supra; *Kansas Homes Development Co. v. Kansas Turnpike Authority*, supra, p. 928; *Collingwood v. Kansas Turnpike Authority*, 181 Kan. 838, 317 P. 2d 400; *Jenkins v. Kansas Turnpike Authority*, 181 Kan. 862, 865, 317 P. 2d 401.) If there are separate appeals of the parties, they may not be severed, but shall be tried as a single action. (*Collingwood v. Kansas Turnpike Authority*, supra; *Federal Land Bank v. State Highway Comm.*, supra; *Moore v. Kansas Turnpike Authority*, supra, p. 843; *Jenkins v. Kansas Turnpike Authority*, supra.)

This court has stated many times that actions which essentially seek a money judgment rather than for other legal or equitable relief, are actions for the recovery of money. (*C. I. & K. Rld. Co. v. Townsdin*, 45 Kan. 771, 774, 26 Pac. 427; *Fisher v. Rakestraw et al.*, 117 Kan. 441, 446, 232 Pac. 605; *Spena v. Goffe*, 119 Kan. 831, 832, 241 Pac. 257; *Barger v. French*, 122 Kan. 607, 610, 253 Pac. 230; *Bruna v. State Highway Comm.*, 146 Kan. 375, 69 P. 2d 743.) (G. S. 1949, 60-2903 is necessarily applicable in the trial of this type of action, and it provides:

"Issues of fact arising in actions for the recovery of money . . . shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. . . ."

Thus an action to recover just compensation, being an action for the recovery of money, presents issues of fact which shall be tried by a jury unless a jury trial is waived by the parties, or a reference is ordered upon consent of the parties. (G. S. 1949, 60-2922.)

The defendants contend that because the State Highway Com-

mission dismissed its appeal, it waived its right to a jury trial. We do not agree. Once an appeal is duly perfected by either or all of the parties and such an action is docketed, as heretofore noted, any one or all of such appeals brings to the district court in its entirety the sole question of the sufficiency of the award to be tried as a single action, and all parties having an interest in the land or in the amount of just compensation to be awarded are required to assert their interest so their rights, if any, may be established or determined. (*Kansas Homes Development Co. v. Kansas Turnpike Authority,* supra, p. 929.) Hence, it is immaterial whether the State Highway Commission proceeded to trial on its appeal or on the owners' appeal. (*Donaldson v. State Highway Commission,* 189 Kan. 483, 484, 370 P. 2d 83.)

Does the fact that where one party to the action demands a jury trial and the other party demands a reference, require that the action be tried to a jury? We think it does. For many years the Bench and Bar of this state have believed the parties to a condemnation action are entitled as a matter of legal right to a trial by a jury on the question of just compensation. While no cases have been cited directly on the point, this court is of the opinion that where an appeal is taken pursuant to G. S. 1961 Supp., 26-102, any party to such an action in the district court is entitled as a matter of right to a jury trial.

The defendants raise no question of the propriety of the remedy in mandamus if the plaintiff is entitled to a jury trial, and justly so. Where a jury trial is demandable as a matter of right and that right is withheld it has been held mandamus may properly be invoked. (*Estey v. Holdren,* 126 Kan. 385, 267 Pac. 1098; *Cloonan v. Goodrich,* 161 Kan. 280, 167 P. 2d 303.)

Upon the whole record, we conclude that the defendants' asserted reasons for refusing to grant the plaintiff a jury trial on the issue of just compensation to be awarded are insufficient in law, and they are hereby directed to set aside their order of December 16, 1961, referring case No. 15,192 to referees to determine all issues of law and fact in the retrial of the case, and to sustain the State Highway Commission's motion for a jury trial.

The court will retain jurisdiction of this cause and if the defendants have not complied with the foregoing order within ten days from the filing of this opinion, a peremptory writ of mandamus will issue. The costs are taxed against the plaintiff.