Schermerhorn v. Peck.

---

## S. E. Schermerhorn v. R. M. Peck *et al.*

Mortgage — *Foreclosure* — *Railroad    Right-of-Way* — *Condemnation Money, Not Controlled by Court.* A right-of-way for a railroad company was condemned through land that was mortgaged. The mortgagor appealed from the award, after which a proceeding to foreclose the mortgage was begun; and both actions were pending in the same court at the same time. After the condemnation proceeding was tried and the award made and paid, it was found that the proceeds of the foreclosure sale were insufficient to discharge the mortgage debt. A motion was made by the mortgagee in the foreclosure action to have the amount of the award brought into court and applied in satisfaction of the mortgage indebtedness, but no supplemental pleading was filed by the mortgagee, and neither the railroad company nor the parties to whom the award had been paid were made parties in the foreclosure action, and no effort of any kind was made in either case to control or reach the fund until some time after the money had been

awarded and paid. The motion was refused. *Held,* That the condemnation-money was not a fund within the jurisdiction and control of the court in the foreclosure action, and that the motion was rightly denied.

*Error from Cowley District Court.*

THE case is stated in the opinion.

*S. D. Pryor,* for plaintiff in error.

*Peckham & Henderson,* for defendant in error Martha J. McKibben; *H. D. Crow,* guardian *ad litem,* for Inez A. McKibben; *W. E. White,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: The order sought to be reversed in this proceeding was made in a foreclosure action, brought by R. M. Peck on the 18th day of May, 1886, to foreclose a mortgage previously given by Joseph C. McKibben, now deceased, and his wife Martha J. McKibben, upon certain real estate in Cowley county. Cornelia H. Douglas and S. E. Schermerhorn each held a subsequent mortgage upon the same real estate, and they were made parties defendant with the heirs and administrator of Joseph C. McKibben, deceased. On the 4th day of August, 1886, Cornelia H. Douglas filed an answer and cross-petition for the foreclosure of her mortgage, and on the 19th day of August, 1886, S. E. Schermerhorn filed an answer and cross-petition for the foreclosure of her mortgage, and Inez A. McKibben, by her guardian *ad litem,* filed an answer in the action on the 6th day of January, 1887. On January 15, 1887, the action was tried by the court without a jury, all the parties being present except Martha J. McKibben and the administrator of Joseph C. McKibben, deceased, who were both in default. All of the mortgages were declared to be liens upon the real estate, and the priorities were determined in favor of Peck, Douglas, and Schermerhorn, in the order stated. There was found to be due on Peck's mortgage $1,521.34; on that given to Douglas, $2,030.18; and to Schermerhorn, $884.20. It was ordered and decreed that the

real estate should be sold to satisfy the mortgage liens in ac-
cordance with the priorities, and on the 29th day of August,
1887, in pursuance of the judgment, and upon due notice,
the real estate was sold to the defendant Schermerhorn, and on
October 17, 1887, the court, on motion of Schermerhorn, con-
firmed the sale and directed the sheriff to execute a deed in
favor of the purchaser.   The proceeds of the sale were suffi-
cient to satisfy the costs and taxes, the judgment in favor of
Peck, and the judgment in favor of the defendant Douglas,
and the sum of $116 remained to apply on the judgment of
Schermerhorn, leaving a balance due Schermerhorn of $768.20,
with interest thereon at 12 per cent. per annum from January
15, 1887.

It appears that on April 23, 1886, a strip of land through the
mortgaged premises was condemned for a right-of-way for the
Florence, El Dorado & Walnut Valley Railroad, and the com-
missioners appointed for that purpose assessed the value of the
land taken at $90.50, and the damages to the land not taken
at $150, making a total of $240.50.   On May 1, 1886, Martha
J. McKibben and Inez A. McKibben, who were the sole heirs
of Joseph C. McKibben, deceased, appealed from the award
of damages to the district court of Cowley county, and on
April 12, 1887, a judgment was rendered in the district court
in favor of the appellants and against the railroad company,
for $600 and costs; and it is stated that on May 10, 1887,
this amount was paid to Messrs. Jennings & Troup, who were
the attorneys of the McKibbens in the appeal case.   On the
24th of May, 1887, the plaintiff in error filed her motion in
the foreclosure action, to require that the money which had
been paid on the judgment in the condemnation proceeding
to the attorneys of the McKibbens should be applied on the
mortgage liens decreed against the real estate; and subse-
quently, on January 30, 1888, a supplementary motion was
filed in the foreclosure proceeding by Schermerhorn, asking
that Jennings & Troup be required to pay over the condem-
nation-money alleged to be in their hands, less their fees of
$60, to be applied on the balance still due upon the judgment

in favor of Schermerhorn. A notice of this latter motion was served on one of the attorneys of the railroad company on the 7th day of November, 1887; and at a hearing of said motion, had on the 4th day of February, 1888, the application of Schermerhorn was denied.

There was no error in the ruling of the court; and we reach this conclusion without determining whether or not it was the privilege and duty of the mortgagee to appeal from the award made in the condemnation proceeding. The money sought to be reached was not a fund within the jurisdiction of the court in the foreclosure proceeding. Neither the railroad company, from which it was due, nor the persons to whom it was subsequently paid, have been made parties in that proceeding. The money awarded as damages for right-of-way was received and paid to Jennings & Troup several months before the supplementary motion was made. There was no effort by Schermerhorn to interplead in the condemnation case, nor did she by any pleading in the foreclosure action ask that the money awarded or to be awarded in the condemnation case, should be paid in or held as a fund for the satisfaction of the mortgage. Doubtless the mortgagee could have filed a supplemental pleading in the foreclosure case, bringing all the parties directly connected with the award made or to be made, into court, setting forth the facts respecting the condemnation proceeding, and the necessity that the money paid for right-of-way should be held as a fund for the satisfaction of the mortgage, and thus have reached the end sought in this motion. This might also have been accomplished by an independent action. But the service of the motion upon an attorney of the railroad company did not bring the company into court in the foreclosure action, and there was no attempt to make the persons to whom the money was paid parties to that action. The fact that they were attorneys for one of the parties in the condemnation proceeding does not alter the case. The two proceedings were entirely independent of each other, and neither the parties nor funds in one proceeding are within the jurisdiction of the court in the other, unless proper steps

for that purpose are taken. No effort of any kind in any case was made to control or reach the fund until some time after the money had been awarded and paid. The steps taken were ineffectual. It was not a fund within the jurisdiction of the court in the foreclosure action, and the court rightly denied the motion. Its judgment will be affirmed.

All the Justices concurring.