L. T. WILLIAMS AND F. L. MARTIN v. THE HUTCH-
INSON & SOUTHERN RAILWAY COMPANY.

No. 11,794.    (63 Pac. 430.)

1. RAILROADS—*Right of Way*—*Judgment Lien.* A judgment is
a statutory lien, which may be modified or abolished by the legis-
lature before rights become vested under it; and such lien may
be superseded by the statute authorizing the taking of land on
condemnation proceedings for a right of way for a railroad, on pay-
ment of just compensation to the owner; and when proceedings
are completed and the compensation paid the railroad company
will acquire an easement free from all judgment liens.

2. ——— *Judgment Creditor not an "Owner."* A judgment
creditor is not an owner, within the meaning of the statutes relat-
ing to condemnation proceedings.

3. ——— *Prepayment Waived—Owner Estopped.* The con-
dition of the prepayment of compensation which has been properly
awarded may be waived by the owner, and when it has been
waived, and the railroad company, relying on the waiver, pro-
ceeds to complete its railroad and expends large sums of money on
the land so appropriated, the owner will be estopped to reclaim
the land or maintain ejectment for its recovery.

Error from Reno district court; M. P. SIMPSON,
judge. Opinion filed January 5, 1901. Affirmed.

*George A. Vandeveer,* and *D. H. Martin,* for plaintiffs
in error.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for de-
fendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was ejectment, brought by L.
T. Williams and F. L. Martin to recover from the
Hutchinson & Southern Railway Company a strip of
land 100 feet wide through a farm in Reno county
and which has been occupied by the railway company
as a right of way for its railroad since 1889. While

Ben. Blanchard owned the land, and in April, 1888, a judgment was obtained against him which became a lien thereon. An execution sale of the land to satisfy the judgment was made on March 6, 1894, to W. H. Crawford, who conveyed the land to F. L. Martin in August, 1894, and Martin in turn conveyed an undivided one-half interest in the same to L. T. Williams on July 26, 1898. On these proceedings and transfers Williams and Martin base their claim to the land in controversy. The railway company founds its right to the strip of land, which it has occupied as a right of way for the past eleven years, upon condemnation proceedings and the payment of the award to the owner of the land. The plaintiffs challenge the validity of the condemnation proceedings and of the easement acquired by the railway company. The proceedings to condemn the land were instituted May 16, 1889, and the commissioners awarded for the value of the land taken and damages the sum of $379.80, but the money so awarded was not paid to the county treasurer within ninety days after the filing of the report of the commissioners, nor until April 8, 1893. The delay in the payment of the award was occasioned by an agreement between the railway company and the owner of the land that payment need not be made until the owner demanded it.

The trial court, upon the facts presented, rightly held that ejectment could not be maintained, and gave judgment for the defendant. The judgment creditor had no title to or estate in the land when the condemnation proceedings were had, and, within the meaning of the statute regulating such proceedings, he was not an owner. (*St. L. L. & D. Rld. Co. v. Wilder*, 17 Kan. 239 ; *Goodrich v. Comm'rs of Atchison Co.*, 47 id. 355, 27 Pac. 1006, 18 L. R. A. 113 ; *Rand v. Ft.*

*S. W. & W. Rly. Co.* 50 id. 114, 31 Pac. 683; *C. K. & W. Rld. Co. v. Sheldon*, 53 id. 169, 35 Pac. 1105; *W. & W. Rld. Co. v. Thayer*, 54 id. 259, 38 Pac. 266.) Under the decisions cited, it was held that a mortgagee who had a specific lien upon the land condemned was not an owner of the land nor of an estate therein, and that railroad companies, by condemnation proceedings, obtained an easement free from the lien of the mortgage. A judgment is a statutory lien only, and it is within the power of the legislature to abolish the lien before rights become vested under it. It was held in *Watson v. N. Y. Central R. R. Co.*, 47 N. Y. 157, that a provision causing a judgment lien which had not ripened into a title to be superseded by taking land under condemnation proceedings, on payment of compensation to the owner of the land, is valid, and that, when the proceedings are concluded and compensation paid to the owner, the company acquires the easement free from all judgment liens. (*Gimbel v. Stolte, Adm'x*, 59 Ind. 446; Lewis, Em. Dom. § 325; Mills, Em. Dom. § 74.) The payment of just compensation to the owner is a condition precedent to obtaining any easement in the land, and, as against the owner, the proceedings prescribed by statute must be valid.

The proceedings in the present case appear to have been regular and sufficient, except that payment of the award was not made within the time prescribed by the statute. The condition of the prepayment of compensation, however, being for the benefit of the owner, he may waive it; and if he does expressly or by clear implication waive prepayment or allow the damages to remain a debt, and the railroad company, relying on the waiver, proceeds to build its road and expend large sums of money on the land, the owner

is estopped to reclaim the land or to maintain eject-
ment for its recovery. In *Knapp et al. v. McAuley et
al.*, 39 Vt. 225, it was held:

"Where the owner of land across which a railroad
has been surveyed and located consents that the con-
tractors of the road may proceed on the land before
his damages are paid, and under an agreement that
they shall be subsequently ascertained and paid, and
the land is thereupon taken possession of by the rail-
road company, and the road constructed over it, the
title to the land passes, and the owner retains no lien
upon it for his damages, but must look for payment
to the party to whom he gave credit." (*Railroad Co.
v. Jones*, 68 Ala. 48; 10 A. & E. Encycl. of L., 2d ed.,
1144.)

Under the authorities cited, it was competent for
the owner to enter into an agreement waiving and
postponing the payment of the award, and certainly
when the money was paid to and received by the
owner the condemnation proceedings were complete,
and all question of title under the proceedings was
set at rest. Payment had been made and accepted
by the owner before the sale of the land upon execu-
tion, and the title of the railroad company was com-
plete long before the purchaser at the execution sale
obtained a title to the land. When the sale was made
the railway company had been in possession of the
land for about five years, and had expended thou-
sands of dollars in the construction of its road on
the strip in controversy. The owner of the land
would be estopped to claim that the proceedings were
void because the money was not paid within the time
provided by statute, and those who had no title or
interest in the land in controversy when the payment
was made and title completed were certainly in no
condition to maintain ejectment for a recovery of the

land. Whatever rights the plaintiffs might have had as against the fund paid, they have no right to recover the land at this late day. For more than nine years before this proceeding was begun the railway company had entered upon the land, constructed its road at great expense, and had continuously operated the same; and under such circumstances even an owner of the land, if no damages had been paid, would be regarded as having acquiesced therein, and would be restricted to a suit for damages.

In our view, the condemnation proceedings were sufficient to give an easement to the railway company, and therefore the judgment in favor of the defendant must be affirmed.