No. 34,248

The Federal Land Bank of Wichita, *Appellee*, v. The State Highway Commission of the State of Kansas, *Appellant*.

(92 P. 2d 72)

Opinion filed July 8, 1939.

*Lester M. Goodell,* assistant attorney general, *J. Glenn Logan, C. C. Casey,* both of Topeka, *Woodrow B. Morris,* of Oxford, *Joseph W. Menzie,* of Manhattan, and *Paul L. Aylward,* of Ellsworth, for the appellant.

*Samuel E. Bartlett, Brewster Bartlett,* both of Ellsworth, *W. E. Pepperell, Conrad L. Ball, J. P. Flinn, Edward H. Jamison* and *J. R. Hannah,* all of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question here presented is the measure of damages to be applied when a lienholder appeals from an award in condemnation proceedings under G. S. 1935, ch. 26, art. 1, as amended by Laws 1937, ch. 226, § 1 (G. S. 1937 Supp. 26-102). Two appeals were taken to this court by the state highway commission from awards made in the district court. For our purposes the facts in each are alike and will be stated in the singular.

On March 7, 1938, the state highway commission initiated the proceedings by filing its petition to have certain lands condemned for highway purposes. Notice was given the landowner as well as The Federal Land Bank, hereafter referred to as the bank or the lienholder, and which held a mortgage lien on the tract involved.

On March 16, 1938, the bank filed an application alleging it held unsatisfied mortgage liens on the lands sought to be condemned, and that by virtue thereof it had a first and prior lien in equity upon any award for damages granted to its mortgagors, and asking that an order be made the award be paid to it.

On March 21, 1938, the appraisers made their report, the details of which we need not notice. Within time, the bank as a lienholder appealed from the award made. Neither the landowner nor the state highway commission filed any notice of appeal from the appraisement made.

On October 5, 1938, the state highway commission filed its motion for an order determining questions of law propounded. The first question was whether the landowners were parties to the appeal; the second, if they were not parties, what was the measure of damages to which the bank was entitled. Three other questions were propounded, but by reason of our conclusions they need not be noticed.

The trial court ruled that the landowner was not a party to the appeal, and that the measure of damages would be the reasonable market value of the land taken and the difference in the value of the remaining tract immediately before and immediately after the condemnation.

Later, a trial was had on the question of damages in which the trial court applied the measure above stated, and as a result of which the award made by the jury exceeded the appraisement as originally made. Various post-trial motions were denied, and the highway commission appeals.

In disposing of the appeals, it is to be noted there is now before us no question as to division of the award as between the landowner and the lienholder, and that question, which might possibly arise, will not be further mentioned except in an incidental way.

Many provisions of our statutes with reference to the exercise of the right of eminent domain were considered and revised by the commissioners appointed under Laws 1921, ch. 207, to revise, compile, and edit the general statutes, the result of their labors being adopted by the legislature, enacted into law and later appearing as R. S. 1923, ch. 26. Our problem is confined to article 1 of that chapter, which treats of condemnations generally.

Without pursuing the matter fully, it may be said generally that under the statutes existing prior to 1923, and as embodied in the 1923 revision, the landholder was the real party in interest and entitled to the award; the mortgagee, if any, was not entitled to the award and it was not necessary that he be given notice. The mortgagee, by appropriate pleading, could assert his right in equity to all or a part of the award made, but that was the extent of his remedy. As bearing on the above, see *St. L. L. & D. Rld. Co. v. Wilder,* 17 Kan. 239; *Schermerhorn v. Pack,* 43 Kan. 667, 23 Pac. 1043; *Rand v. Ft. S. W. & W. Rly. Co.,* 50 Kan. 114, 31 Pac. 683; *C. K. & W. Rld. Co. v. Sheldon,* 53 Kan. 169, 35 Pac. 1105; *Williams v. Railway Co.,* 62 Kan. 412, 63 Pac. 430.

The general condemnation law was amended, however, by Laws 1935, ch. 179, § 1, now appearing as G. S. 1935, 26-101, to provide that the appraisers appointed by the district court should give notice in writing to all lienholders of record, that particular amendment, however, not granting any right of appeal to the lienholder from any award made. In 1937 the provision of the general condemnation act conferring right of appeal theretofore granted to the petitioner or landowner was amended by Laws 1937, ch. 226, § 1, now appearing as G. S. 1937 Supp. 26-102, and now reads:

"If the petitioner or the owner or any lienholder of record of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions."

It will be observed that under that statute appeal is perfected, not by serving notice on any parties occupying what might be called an adverse position; it is perfected by notice filed with the clerk of

the court. There is nothing in that statute which indicates or leads to the conclusion that as to a particular tract of ground the petitioner might appeal as to the lienholder and not the landowner, or vice versa, or that the lienholder could appeal separately as between the petitioner and the landowner, or that the landowner could appeal separately as between the petitioner and the lienholder. The statement is that if any one of the three appeal, an action shall be docketed and tried. The statute provides its own procedure up to the point where the appeal is perfected. When that has been accomplished "an action shall be docketed and tried the same as other actions." We are of opinion that under the statute there is and can be no separation as between parties. Whenever an appeal is taken, either by the petitioner or by the landowner or by a lienholder, the effect is to bring to the district court in its entirety the question of the sufficiency of the award, and the trial of that issue in the district court is conclusive on all of the parties, subject only to their right of appeal to this court. We think the ruling of the trial court on the first question of law propounded that the landowner was not a party to the appeal to the district court was erroneous, but that ruling was not prejudicial and did not affect the final result adversely to the landowner inasmuch as the award made by the jury was greater than the appraisement made and from which the lienholder had appealed.

The appellant here has briefed the question as to the measure of damages to be applied as to a lienholder on the theory that he is owner of less than a fee and the measure should be restricted to his interest or right. We shall not discuss that question as presented. The amendments to the statute pertaining to the exercise of the right of eminent domain do not have the effect of granting to a lienholder any different title or interest in condemned real estate than he had prior to the amendments. What division of the appraisement or award there is to be between him and the landowner must still be such as the court, in the exercise of its equitable power and jurisdiction, may think proper. Prior to the amendments, when no notice to a lienholder was required, it was possible for the landowner to appropriate the entire appraisement or award to himself, for no notice was required to be given to the lienholder. The two amendments recognized that the lienholder had an equitable interest in the appraisement or award and provided for its protection. As we view the matter, it makes no difference who may appeal from the

appraisement; on trial in the district court the issue is the same, that is, whether or not the amount of the appraisement is adequate compensation for the lands taken and the damages to the lands not taken. We are of the opinion that the measure of damages applied by the trial court, the reasonable market value of the lands taken and the difference in the value of the remaining lands immediately before and immediately after the condemnation, was correct.

We have here no appeal by either the landowner or the lienholder, and any further discussion as to their respective rights to the award would be superfluous.

As to the appeal of the state highway commission it appears the trial court did not err, and its judgment is affirmed.