No. 40,587

GEORGIA B. JENKINS et al., *Appellees* v. KANSAS TURNPIKE AUTHORITY, *Appellant.*

(317 P. 2d 401)

Opinion filed October 25, 1957.

*Blake A. Williamson,* of Kansas City, argued the cause and *Robert M. Cowger,* of Topeka, was with him on the briefs for the appellant.

*Edward M. Boddington,* of Kansas City, argued the cause and *J. O. Emerson,*

and *Edward M. Boddington, Jr.*, both of Kansas City, were with him on the briefs for appellee, Georgia B. Jenkins.

*J. D. Lysaught*, of Kansas City, argued the cause and *Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks,* and *Leonard O. Thomas*, all of Kansas City, were with him on the briefs for appellee, Kansas Industries, Inc.

The opinion of the court was delivered by

HALL, J.: This is a condemnation appeal.

The Kansas Turnpike Authority instituted an eminent domain proceeding by virtue of its authority under G. S. 1949, 26-102, *et seq.*, as amended by G. S. 1955 Supp., 26-102.

The proceeding involved several contiguous tracts of land comprising a single parcel of some 85 acres owned by appellee Georgia B. Jenkins, subject to certain tenancies of Mike Gregar, Joe Gregar, Thomas Gooch and Kansas Industries, Inc., formerly Mineral Products Company.

Thomas Gooch was a tenant in a house located on the property. Mike Gregar and Joe Gregar had agreements with the landowner, Georgia B. Jenkins, and were doing small scale quarrying of rock on the property.

The Kansas Industries, Inc., had a royalty lease on the entire acreage for the mining and excavating of clay which it used for making an aggregate in the manufacture of light-weight building blocks in a plant located nearby.

Appraisers were appointed by the court who made their report of appraisement. Thereafter, and within the time provided by statute, the Kansas Turnpike Authority, Georgia B. Jenkins, Kansas Industries, Inc., Joe Gregar and Mike Gregar filed separate notices of appeal. Thomas Gooch did not appeal.

Thereafter, one Glen H. Price filed an application for leave to intervene and a petition of interplea in the Georgia B. Jenkins docketed action. He alleged he had a pasture lease on the land under condemnation but was not named as a party because his lease was not of record.

The appeals were docketed separately with numbers 93250-A, 93263-A and 93284-A. On the opening of court all parties announced themselves ready for trial and the Kansas Turnpike Authority then filed its motion to consolidate all of the appeals for the purpose of trial for the reason that all of the parties who appealed had a claimed estate or interest in and to the same parcel or tract of land, to wit: The 85 acres under condemnation.

The Kansas Turnpike Authority also moved to dismiss the intervening petition and petition of interplea of Glen H. Price.

The trial court overruled the motion to consolidate, allowed the petition to intervene and the petition of interplea of Glen H. Price and ordered the same be docketed as a separate action.

The Kansas Turnpike Authority now appeals from the trial court's order overruling its motion to consolidate the appeals of Georgia B. Jenkins, the Kansas Turnpike Authority and Kansas Industries, Inc.

The court dismissed the appeals of Mike and Joe Gregar and the Kansas Turnpike Authority's appeals as to them for the reason that a dispute no longer existed between them. The appeals were dismissed without prejudice. Upon motion of Mike and Joe Gregar the court also ordered the distribution of $3,808.80 to each out of the funds deposited by the Kansas Turnpike Authority.

The case was argued before this court in the May session. It was conceded by the parties to the appeal that the *Moore v. Kansas Turnpike Authority*, 181 Kan. 51, 310 P. 2d 199, decision on which a motion for rehearing was pending, would be determinative of the case.

Following *Moore v. Kansas Turnpike Authority*, 181 Kan. 840, 317 P. 2d 384, this day decided on rehearing: (1) The question before the district court on the motion of the Authority was not whether the separate appeals of the landowner, the tenants, and the Authority should be consolidated for trial, but whether they could be severed when appeal is taken; (2) G. S. 1955 Supp., 26-102 construed to mean that separate appeals of owners of separate interests in the same tract of land who appeal from an award of appraisers in an eminent domain proceeding cannot be severed, and that any one or all such appeals bring to the district court in its entirety the sole question of the sufficiency of the award to be tried as a single action; and (3) under the facts and circumstances of this case the court should now consolidate the separately docketed appeals for trial as a single action.

No question regarding the compromise and dismissal of the Mike and Joe Gregar appeals is raised by the parties here. In their counter abstract the appellees include the motions and orders of the court relating thereto, and make mention of them in their brief, but no cross appeal is taken. While not technically before us it must be stated that under the Moore decision, any appeal

by the landowner, lien holder or interested party brings to the district court the determination of the total sufficiency of the award of all interests in the tract or parcel of land under condemnation. Until there has been a final award and a determination of the value of the interests of all persons entitled to share therein, as of the date of the taking, matters pertaining to the rights of parties who, prior to or after the appeal, have bargained away, by compromise or otherwise, their rights to share in the proceeds of the proportionate interest to which they might otherwise have been entitled, are not subject to appellate review. The same is true of those who have acquired such interest.

The judgment of the district court of Wyandotte County is reversed and the case remanded with directions to consolidate the separately docketed appeals and proceed with trial of all appeals as a single action to determine the sufficiency of the award.

PRICE, J., dissenting.

ROBB, J. (concurring specially): I am unable to concur wholly in the opinion of the court for the reason that reference is made therein to the interests of Mike and Joe Gregar. I think mention of these interests has no place in this appeal.

This court has stated on numerous occasions that on appeal it will consider only those matters raised by the parties and properly before it unless the matter be one of jurisdiction. Since this is an *in rem* proceeding in eminent domain brought by a body having the power to condemn land for a public purpose (G. S. 1955 Supp. 68-2006), the only thing to be considered is the taking of the land and what is to be paid therefor. This is the universal conception of the purpose of an eminent domain proceeding and has always been the law in Kansas. I cannot see that the addition of the Kansas Turnpike Authority to the group having the power of eminent domain should work any new magic on the established law.

Whether we like it or not, the power of eminent domain is a necessary element in the law for the benefit of the public because it furnishes remuneration to a landowner whose land is taken for public use. The compensation to be paid is based on the highest and best use to which the land can be put at the time of the taking. It is computed by adding together the total value of the land actually taken from a particular landowner and the diminution in value of

the land which remains to the owner after the taking. The land actually taken is valued at the reasonable market value thereof because the condemner stands in the shoes of a purchaser of land from the owner and the land remaining is valued by subtracting its reasonable market value immediately after the taking from its reasonable market value immediately before the taking. If different parts of the land possess certain improvements or are adapted to particular uses those can all be shown to determine the reasonable market value of the land by adding them thereto or subtracting them therefrom, as the case may be. This court should not be required to single out each separate owner of every conceivable interest in a particular parcel of land taken because to do so would be to disregard the proposition that the total of the value of the parts of land taken in such a proceeding cannot exceed the value of the whole. The latter is a cardinal rule in any eminent domain proceeding and it takes little or no imagination to realize it could be violated by following the first-mentioned theory.

After an appeal is perfected to the district court, the parties owning an interest in land may be proper witnesses, along with experts, in showing the jury the reasonable market value. Whether those particular owners have settled with the condemner is of no concern in an appeal from the award of the appraisers in an eminent domain proceeding. This is apparent from the rule that the original proceeding in eminent domain is not to be referred to in an appeal to the district court from the appraisers' award. After the whole award has been determined, then it is apportioned among the different interest-holders as each interest has been made to appear. If the owner of an interest has settled with the condemner and has been "paid-off," it is unlikely that any trial court in this state would allow such interest-holder to collect more than the amount he had been willing to accept in return for his interest.

Kansas authority is plentiful in this field of the law. One of our decisions is *Federal Land Bank v. State Highway Comm.*, 150 Kan. 187, 190, 92 P. 2d 72.

For these reasons, I think any reference to the different interests as set out in the opinion is improper and should be stricken therefrom; otherwise, I concur in the opinion.

SCHROEDER, J., (dissenting): In my opinion, the decision in *Moore v. Kansas Turnpike Authority*, 181 Kan. 51, 310 P. 2d 199,

decided this date on rehearing, does not control the decision in this case.

The following statement is made by the court in its opinion:

". . . It was conceded by the parties to the appeal that the *Moore v. Kansas Turnpike Authority,* 181 Kan. 51, 310 P. 2d 199, decision on which a motion for rehearing was pending, would be determinative of the case."

It is incorrect to say that the appellees conceded that a reversal of the position in the *Moore* case on rehearing would control. At the time counsel for appellees made the statement they were propounding the proposition announced in the original *Moore* decision. This was long before the *Moore* decision on rehearing was announced. Furthermore, prior to the argument above advanced the appellees, Georgia B. Jenkins and Kansas Industries, Inc., challenged the appellant's right to be heard on the ground that an order overruling the motion to consolidate was not a final order within the scope of G. S. 1949, 60-3302, and therefore not appealable. They request dismissal of the appeal by the Kansas Turnpike Authority.

A final order is defined as an order ". . . affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, . . ." (G. S. 1949, 60-3303.) In the present action there are now claimants left in these proceedings, and it is felt that an order refusing to consolidate all of their cases into one action does not determine the actions nor prevent the rendition of judgments. Where in a condemnation action the trial court sustained a motion to consolidate two cases for trial, this court held that the order was not an appealable order because it was not a final order and did not determine the action or prevent a judgment. (*Western Shale Products Co. v. City of Fort Scott,* 172 Kan. 336, 239 P. 2d 828; see, also, *Cities Service Gas Co. v. Krehbiel,* 168 Kan. 69, 211 P. 68, and *Western Light & Telephone Co. v. Toland,* 177 Kan. 194, 277 P. 2d 584.)

By similar reasoning, an order which overrules an attempt to consolidate is not a final order because it does not determine any action but leaves the actions to be tried and permits the respective claimants to proceed to reduce their claims to judgment.

In the interest of justice and for the guidance of the Bench and Bar of this state, this court should affirmatively rule on appellees' motions to dismiss. The legislature has seen fit to pass title to the condemned property immediately to the Turnpike upon payment of the appraised value into the clerk of the district court, but to

prevent those persons whose property is taken by the Turnpike Authority from getting one cent for their property where appeal is filed until judgment has been rendered on such appeal ( G. S. 1955 Supp., 68-2006) even though such appeal be taken by the condemner. This is a privilege granted to the Turnpike and is a harsh rule not in accord with the general condemnation law, ( G. S. 1955 Supp., 26-102.) These claimants are already complaining of the delay since their property has been condemned. People's residences may be taken and they may not have money to secure another home, but until the appeal is determined they receive no payment for what has been taken from them. To permit the Turnpike Authority to extend this period of time by taking appeals from orders which are not final orders is justice delayed. For all practical purposes, in many instances this is justice denied. Unfair and inadequate settlements may be forced on landowners by reason of the time factor involved, and this question is of such general interest by reason of the scope of the Turnpike Authority's operations that this court should establish a guidepost for future instances of similar nature.

Even assuming that the Turnpike is before this court with an appealable order, the decision in *Moore v. Kansas Turnpike Authority,* supra ( on rehearing), does not control in the instant case. At this point, it must be conceded that one expressing a dissent in this and the *Moore* case is confronted with the same dilemma which confronts the trial court and the attorney. Not much has been said on certain points in the opinion of this court on rehearing in *Moore v. Kansas Turnpike Authority,* supra. If an appeal by any one of the interested parties in a lot or parcel of ground to the district court from an appraisement in an eminent domain proceeding brings to the district court in its entirety the question of the sufficiency of the award to be tried in a single action as to all of the parties, will the court be consistent and say that all of the parties owning an interest in a specific lot or parcel of ground are indispensable parties? If so, then the failure of one of such interested parties in an action is jurisdictional.

Specific reference is made to my dissenting opinion on rehearing in *Moore v. Kansas Turnpike Authority,* supra.

If the failure of the lower court to consolidate the appeals was jurisdictional to the rendition of a final judgment, then the order was appealable but the court has not said so except inferentially, without even mentioning the fact that appellees have made an attack upon the validity of the appeal by the Turnpike.

If, however, the court has not intended to announce this broad reversal in condemnation policy in Kansas and does not regard the absence of one of the owners of an interest in a lot or parcel of ground as jurisdictional then appellees' motions to dismiss the appeal of the Turnpike to this court are good and should be sustained. In such event, the authority of the district court to proceed is not jurisdictional as to the other interest holders. Under these circumstances, the position taken by the Kansas Turnpike Authority in the lower court is *inconsistent with the theory presented on appeal to this court*. In the instant case the Turnpike's motion was to consolidate all of the appeals taken relative to an 85-acre tract of land, the fee title of which was owned by Georgia B. Jenkins. In the motion itself the Turnpike recites ". . . the owner of the property and each of the tenants filed separate appeals to the award of the appraisal in the respective cases above numbered." They further allege ". . . that all of said cases should be consolidated together in one appeal." The prayer of the motion itself ". . . moves the court for an order consolidating all of the above entitled numbered cases for trial except the appeal of Glenn H. Price, which appeal should be dismissed and denied by the court."

If, as the Turnpike here contends, an appeal by any one owning an interest in the property presents to the district court in its entirety the sufficiency of the award, then why has the Turnpike in the instant case requested in its prayer the exclusion of Glenn H. Price who was one of the owners of an interest in the tract of ground there condemned? As a matter of fact, the Turnpike means what it said when it *requested consolidation*, thereby recognizing that the statute granted separate appeals and the filing of separate actions.

Furthermore, how does the Turnpike account for its own conduct in the instant case? The record in this court discloses that the Turnpike settled with two of the appellants below, Mike Gregar and Joe Gregar, who had leases on the tract of land condemned operating two separate rock quarries and excavating rock from a portion of the property taken by the Turnpike. Pursuant to settlement for $3,808.80 each, the Turnpike approved an order of the court distributing $3,808.80 to each of said appellants from the total sum paid in to the clerk of the district court by the Turnpike and said appeals were thereupon dismissed.

One of the parties litigant to an action, the Turnpike in the instant case, is not permitted on appeal to this court to take a position in-

consistent with the theory presented in the lower court. (*Oliver v. Nugen*, 180 Kan. 823, 308 P. 2d 132, and cases cited therein.) The position taken by the Kansas Turnpike Authority in the instant case in the lower court is inconsistent with the theory which it presents to this court on appeal. It has thereby established the law of this case and the decision of the lower court in refusing to consolidate the appeals which were separately docketed in the lower court should be affirmed in my opinion. At no time in the lower court did the Turnpike take the position which it takes on appeal to this court, and as it took throughout in the case of *Moore v. Kansas Turnpike Authority*, supra, namely, whether an appeal to the district court by an owner of an interest in a lot or parcel of ground from an appraisement in an eminent domain proceeding brought to the district court in its entirety the question of the sufficiency of the award to be tried in a single action as to all of the parties. In the instant action the Turnpike in the lower court sought *consolidation* only of the appeals of the remaining interest holders with whom it had not settled.