No. 40,563

Kansas Homes Development Company, Inc., et al., *Appellees*, v. The Kansas Turnpike Authority of The State of Kansas, *Appellant*.

(317 P. 2d 794)

Opinion filed November 9, 1957.

Lester M. Goodell, of Topeka, argued the cause, and Robert M. Cowger, of Topeka, and Donald C. Little, of Kansas City, Kansas, were with him on the briefs for appellant.

Conrad Miller, of Kansas City, Kansas, argued the cause, and Willard L. Phillips, of Kansas City, Kansas, and Charles W. Hess, of Kansas City, Missouri, were with him on the briefs for appellee Kansas Homes Development Company, Inc., and Joseph H. McDowell and Thomas C. Lysaught, both of Kansas City, Kansas, were with him on the briefs for appellee Wyandotte Township Sewer District No. 9.

The opinion of the court was delivered by

Fatzer, J.: The Kansas Turnpike Authority has appealed from an order of the district court of Wyandotte County, division No. 4, to pay $19,770.40 to Wyandotte Township Sewer District No. 9, hereafter referred to as the district, as the balance due and owing

under the appraisement and award of the commissioners filed September 7, 1955, in a condemnation proceeding.

On July 27, 1955, the Authority instituted eminent domain proceedings in the district court of Wyandotte County, Division No. 4, to acquire land for right of way purposes, among which were 40 lots owned by the Kansas Homes Development Company, Inc., hereafter referred to as the owner, in its Stony Point South subdivision located approximately four and one-half miles west of Kansas City, Kansas. Commissioners were duly appointed who gave notice to the owner and to the lien holders of record, one being the district which previously had issued its general obligation bonds for the construction of a main sewer line and a sewage disposal plant to furnish sewer facilities to homes to be erected in Stony Point South subdivision and those erected by the owner, or its grantees, in the owner's Stony Point Heights subdivision located immediately north of Stony Point South.

The sewer bonds issued by the district were to mature in approximately equal amounts over a 25-year period, to be retired primarily by special assessments levied annually by the district against each parcel or lot within Stony Point Heights and Stony Point South subdivisions. The total bond debt was approximately $158,000, and when spread against each parcel or lot in both subdivisions, originally constituted a lien of $285.65, but with interest computed over the life of the bonds, the total assessed benefits amounted to $494.26 to each lot.

The commissioners in their report of appraisement awarded the owner $24,000 for the land taken and $36,000 damages for the land remaining in Stony Point South subdivision, or a total of $60,000, "Subject to the unpaid taxes for sewers in Wyandotte Sewage District No. 9 in Wyandotte County, Kansas." Aggrieved with the appraisement and award, the owner appealed to the district court, but neither the Authority nor the district appealed.

The owner's appeal was assigned for trial in the Second division of the district court and was tried by a jury, commencing January 9, 1956. Evidence was received from every witness offered by the owner and the Authority, but the district was not permitted to offer evidence of the value of the land taken or to show its enhancement in value, if any, by the construction of the main sewer line and the sewage disposal plant. However, counsel for the district participated

fully in the trial and was permitted to cross-examine every witness offered by the owner and the Authority.

On January 16, 1956, the jury answered special questions and returned its verdict fixing the value of the land taken and damages to the land remaining in the amount of $61,800. The owner and the district filed various post trial motions, including motions and amended motions for a new trial; the district also filed its motion to be awarded a portion of the amount allowed by the jury, as damages incurred by it as a result of the condemnation proceedings. On March 26, 1956, the district court set aside the jury's verdict and granted a new trial upon two specific grounds, not here material, from which order the Authority appealed to this court, see appeal No. 40,410, *Kansas Homes Development Co. v. Kansas Turnpike Authority*, 181 Kan. 885, 317 P. 2d 789, this day decided.

Following the appeal of the Authority to this court on May 22, 1956 (appeal No. 40,410), the owner and the district commenced an action in mandamus in the original condemnation proceedings (division No. 4 of the district court) to compel the payment in a lump sum of the amount of the bond lien on each of the lots acquired by the condemnation. An alternative writ was issued directing the commissioners to be reconvened and to supplement their report by fixing the amount of the special assessments to be levied against each lot; further, if the court found the award, as amended, to be sufficient on its face, to order the Authority to pay such amount to the clerk of the district court for the benefit of the district. On May 28, 1956, the Authority's motion to *quash* the alternative writ was sustained. No appeal was taken from that order.

On June 16, 1956, the proceedings out of which this appeal arises were commenced by the owner and the district filing a motion in the original condemnation proceedings (division No. 4 of the district court) for an order directing the Authority to pay the balance of the commissioners' appraisement and award entered September 7, 1955. The motion which had attached the affidavit of the commissioners, alleged the total amount of the award was $79,770.40 and that the Authority had paid only $60,000, leaving an unpaid balance of $19,770.40 due and owing the district. All of the court files in all related proceedings were offered by the Authority and received in evidence. In view of our conclusions later stated, it is not necessary to summarize the affidavit of the commissioners set-

ting forth reasons why their report did not show the total amount of the special assessments to be levied on each lot acquired, and also why that report stated: "Subject to the unpaid taxes for sewers in Wyandotte Sewage District No. 9 in Wyandotte County, Kansas."

On June 21, 1956, the district court sustained the owner's and the district's motion; found the sum of $19,770.40 to be due and unpaid under the commissioners' appraisement and award of September 7, 1955, and ordered the Authority to pay that amount to the clerk of the district court for the use and benefit of the district. It is from that order that the Authority perfected the instant appeal.

We first direct our attention to appellees' motion to dismiss this appeal. It is argued that appellate jurisdiction has not been acquired since, it is contended, the Authority is attempting to appeal directly to the supreme court from an award of commissioners in condemnation. The record does not support the contention. This appeal is from an order of the judge of the district court directing the Authority to pay $19,770.40 to the district in addition to the payment of $60,000—the amount the commissioners ascertained was the value of the land taken and damages to that remaining. Furthermore, the order directing the payment of $19,770.40 was a final order (G. S. 1949, 60-3303) and is subject to appellate review. The motion to dismiss is denied.

We are of the opinion that the order entered June 21, 1956, directing the Authority to pay to the clerk of the district court $19,770.40 is void. That order was made long after the owner appealed from the appraisement and award of the commissioners and after that appeal was tried by a jury in the Second division. The taking of an appeal from the appraisement and award of commissioners in condemnation brings to the district court in its entirety the sole question of the sufficiency of the award to be tried as a single action (*Moore v. Kansas Turnpike Authority*, 181 Kan. 840, 317 P. 2d 384; *Collingwood v. Kansas Turnpike Authority*, 181 Kan. 838, 317 P. 2d 400; *Jenkins v. Kansas Turnpike Authority*, 181 Kan. 862, 317 P. 2d 401). The judge of the district court before whom condemnation proceedings are instituted is required to examine the petition and determine whether the petitioner has the power of eminent domain and whether the land sought to be acquired is necessary to its lawful and corporate purpose, and, if found in the affirmative, to enter such finding of record and to appoint commissioners to view the land and determine the amount

the condemning party should pay for the property taken, and the amount of damages, if any, to the land remaining ( G. S. 1949, 26-101). This proceeding is in the nature of an inquest ( *State Highway Commission v. Griffin,* 132 Kan. 153, 155, 294 Pac. 872; *Glover v. State Highway Comm.,* 147 Kan. 279, 286, 77 P. 2d 189; *Federal Land Bank v. State Highway Comm.,* 150 Kan. 187, 92 P. 2d 72; *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 282 P. 2d 395). While the judge of the inquisition court might, under proper circumstances, direct that the commissioners be reconvened to correct, modify or amend their appraisement and award prior to the taking of an appeal by the petitioner, owner, lien holder or other interested parties, it is clear that following such an appeal to the district court by any one or all of such parties, the judge of the inquisition court is divested of power to make orders with respect to the commissioners' appraisement and award. The question of the sufficiency of the award is before the district court on appeal and all parties having an interest in the land, including the district as in the instant case, should assert their interest in the action pending in the district court, and their rights, if any, may be established in that action. ( *Moore v. Kansas Turnpike Authority,* supra; *Collingwood v. Kansas Turnpike Authority,* supra; *Jenkins v. Kansas Turnpike Authority,* supra.)

The condemnation proceedings in this controversy divested the owner, lien holders and all other interested parties of all title to the land acquired and vested it in the Authority upon payment of the commissioners' appraisement and award of $60,000 ( G. S. 1955 Supp. 68-2006) free and clear of any liens or encumbrances whatsoever ( *Federal Land Bank v. State Highway Comm.,* supra), but it did not have the effect of discharging the obligation of paying the liens or encumbrances of record. The land acquired by the Authority was released from those liens and encumbrances, but not so with respect to money arising out of the award of the commissioners, or, on appeal, the amount fixed by the jury as the value of land acquired and damages, if any, to that remaining. The effect of the condemnation proceedings was to transfer the lien from the land to the money which was awarded as the equivalent of the land by virtue of the condemnation proceedings.

The order of June 21, 1956, is reversed with directions to the district court to set it aside in its entirety. It is so ordered.